# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:23-cr-00156-MOC-SCR

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
|  | ) |  |
|  | ) |  |
| JEANNETTA BLACKMON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 40] and Defendant's Motion for Appointment of Counsel [Doc. 39].

## I. BACKGROUND

Between April 2020 and November 2021, Defendant Jeannetta Blackmon ("Defendant") fraudulently obtained Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") funds on behalf of her three businesses, J Renee Enterprises, LLC; Jeannetta Renee Girls Talk ("JR Girls Talk"), and Jrenee Investments ("JR Investments"); and on behalf of her customers' businesses. [Doc. 6: Factual Basis].

Defendant was charged in a Bill of Information with one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of engaging in monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957. [Doc. 1: Bill of Information]. The Bill contained a notice of forfeiture of proceeds of crime and property involved in money laundering. [Id. at 7]. It specified that a money judgment of $1,675,328.60, the amount constituting the proceeds that went

to Defendant and her customers, would be subject to forfeiture. [Id.]. This amount included *inter alia* the real property at 10108 Barrands Lane, Charlotte, North Carolina (the "Real Property"), which Defendant purchased with a loan and $120,707.94 in funds from accounts funded primarily if not entirely by fraud proceeds. [Doc. 24-1 at ¶ 4: Elliott Aff.; Doc. 24-2].

On July 25, 2023, Defendant pleaded guilty to both counts. [Doc. 8: Acceptance and Entry of Guilty Plea; Doc. 2: Plea Agreement]. Pursuant to terms of the Plea Agreement, Defendant consented to the money judgment and agreed to cooperate with financial disclosures and forfeiture, including the satisfaction of the forfeiture money judgment by forfeiture of substitute property. [Doc. 2 at ¶ 8]. Despite the Government's multiple requests over many months, however, Defendant did not consent to forfeiture or provide a financial statement to the U.S. Attorney's Office. [Doc. 24 at 2-3]. On February 28, 2025, the Government, therefore, moved the Court to determine forfeiture at or prior to sentencing. [Id. at 3].

At sentencing, the Court entered a Consent Order and Judgment of Forfeiture Pending Rule 32.2(c)(2) in the amount of $619,000, finding "such amount constituting the proceeds traceable to the offense to which Defendant pled guilty." [Doc. 25]. The Court varied downward and sentenced the Defendant to term of imprisonment of 30 months and ordered restitution in the amount of $1,549,737.00. [Doc. 27 at 2, 5: Judgment; Doc. 28 at 3: Statement of Reasons].

Two weeks later, the Court granted the Government's motion to determine forfeiture and entered a money judgment and preliminary order of forfeiture. [Doc. 29; see Doc. 24]. The Court held *inter alia* that, pending Fed. R. Civ. P. 32.2(c)(2),[1] property derived from proceeds traceable to Defendant's fraud crime, including the Real Property, was subject to forfeiture. [Id. at 6]. The Court also concluded that the Real Property was subject to forfeiture as property involved in a §

---

[1] Under this provision, "the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Civ. P. 32(c)(2).

1957 transaction. [Id.]. The Court, therefore, ordered the forfeiture money judgment in the amount of $619,000 and the Real Property forfeited pursuant to Fed. R. Crim. P. 32.2(b) and authorized the Government to take and maintain custody of this property. [Id. at 7]. After the Government provided proper notice of this forfeiture and its intent to dispose of the property, consent orders were entered resolving third parties' interests in the Real Property. [Docs. 33, 36]. Thereafter, on August 8, 2025, the Court granted the Government's motion for Final Order of Forfeiture, giving the Government clear title to the Real Property. [Docs. 37, 38]. Defendant did not file a direct appeal.

On September 18, 2025, Defendant filed the pending § 2255 motion to vacate. [Doc. 40]. Defendant wants the forfeiture judgment vacated and her residence, presumably the Real Property, returned to her. [Id. at 3]. As grounds for this relief, Defendant claims ineffective assistance of counsel relative to various forfeiture-related issues. She claims her attorney induced her to sign a "repayment agreement," which operated as a forfeiture agreement and included Defendant's home; failed to ensure that the record reflected the exclusion of Defendant's residence from forfeiture in accordance with this Court's intent at sentencing; and failed to fulfill her duties relative to forfeiture proceedings. [Id. at 2]. Defendant has also moved for appointment of counsel. [Doc. 39].

II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Defendant must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Assuming *in arguendo* that Defendant's counsel was ineffective relative to the forfeiture proceedings here, however, § 2255 "may not be used for the sole purpose of challenging fines or restitution orders." United States v. Hudgins, 201 Fed. App'x 142, 143 (4th Cir. 2006); Mamone v. United States, 559 F.3d 1209, 1211 (11th Cir. 2009) (a movant cannot utilize § 2255 to challenge a restitution order, even if cognizable claims seeking release from custody are also raised); Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003) ("[T]he language of § 2255 is best read as requiring a challenge to custody…. [C]ollateral challenges have historically been permitted through habeas only when an interest as compelling as freedom from custody is at stake."); United States v. Fabian, C/A No. CCB-09-2810, Cr. No. CCB-07-0355, 2011 WL 2791085 at *30 (D. Md. July 14, 2011) (collecting cases) (a noncustodial component of a sentence, such as restitution or forfeiture order, cannot be attacked in a § 2255 petition); but cf. United States v. Luessenhop,

4

143 Fed. App'x 528, 531 (4th Cir. 2005) (allowing, without discussion of propriety of proceeding under § 2255, an ineffective assistance of counsel claim where defendant made showing that the amount of loss and amount of restitution would have been substantially less).

Here, Defendant seeks relief from the Court's order forfeiting the Real Property on grounds of ineffective assistance of counsel. [Doc. 40 at 3]. This relief is unavailable under § 2255. Moreover, characterizing Defendant's motion as one for relief under 28 U.S.C. § 2241 is also unavailing. See United States v. Ross, 801 F.3d 374, 380 (3d Cir. 2015) ("[T]he monetary component of a sentence is not capable of satisfying the 'in custody' requirement of federal habeas statutes."); Arnaiz v. Warden, 594 F.3d 1326, 1329 (11th Cir. 2010) (per curiam) (restitution order not challengeable in a Section 2241 petition); but cf. Fontanez v. O'Brien, 807 F.3d 84 (4th Cir. 2015) (distinguishing a § 2241 challenging the validity of the restitution order, which is not cognizable under § 2241, from a challenge to the execution of the restitution portion of the sentence, which is cognizable under § 2241).

Also pending is Defendant's motion for appointment of counsel, which the Court construes a motion for appointment of counsel to represent Defendant in the pending § 2255 proceedings. [Doc. 39]. Defendant requests court-appointed counsel to "assist with a Money Judgment and Preliminary Order of Forfeiture … because a lien has been placed on [her] property against the Judge's Order in [her] Case." [Id.]. As grounds, Defendant states she is no longer able to afford her retained counsel, Kenneth Snow. [Id.]. In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. Id. Moreover, there is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The Court may appoint counsel to a financially

5

Case 3:23-cr-00156-MOC-SCR    Document 43    Filed 11/03/25    Page 5 of 7

eligible habeas petitioner if justice so requires.  See 18 U.S.C. § 3006A(a)(2)(B).  This Court finds that Defendant has not shown that appointment of counsel is appropriate in this case.  Moreover, Defendant's motion is also moot in any event given the denial of her § 2255 motion.

IV.     **CONCLUSION**

For the foregoing reasons, the Court denies and dismisses Defendant's § 2255 motion to vacate and denies Defendant's motion for appointment of counsel.

The Court further finds that Defendant has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Defendant has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. at 484-85.  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 40] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Appointment of Counsel [Doc. 39] is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.
Signed: November 3, 2025

Max O. Cogburn Jr
United States District Judge